IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07-CR-00016-MR-WCM

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　　　　Plaintiff, | )<br>)<br>) |
| vs. | )<br>) |
| MELISSA BEDFORD BLALOCK,<br>　　　　　　　　　Defendant,<br>and | )<br>)<br>)<br>) |
| NOVANT HEALTH FORSYTH<br>MEDICAL CENTER,<br>　　　　　　　　　Garnishee. | )<br>)<br>) |

## ORDER OF CONTINUING GARNISHMENT

This matter is before the Court on the Answer of Garnishee (Doc. 53) Novant Health Forsyth Medical Center ("Garnishee"), and the Government's Motion for Order of Continuing Garnishment ("Motion," Doc. 56).

### I.    Relevant Background

On June 28, 2004, the United States District Court for the Western District of Louisiana entered a judgment against Defendant following her convictions for conspiracy and embezzling and failing to refund federal funds. As a term of the Judgment, Defendant was ordered to pay an assessment of $1,500.00 and restitution of $54,293.00 to the United States Department of Education. An Amended Judgment was entered on July 21, 2004 and

jurisdiction was later transferred to this district. Doc. 1. The balance due as of July 18, 2022 was $9,823,82. Doc. 56 at 1.

On August 4, 2022, the Court entered a Writ of Continuing Garnishment ("Writ," Doc. 49). The record indicates that the Writ and associated materials were sent to and received by Defendant and the Garnishee. Docs. 51, 54, 55.[1]

On August 22, 2022, the Garnishee filed an Answer, which indicates that the Garnishee has in its custody, control, or possession, property or funds owned by or owing to Defendant, in particular, employment earnings. Doc. 53. The Certificate of Service attached to the Garnishee's Answer states that a copy of the Answer was mailed to Defendant on August 17, 2022. Doc. 53 at 4.

By the Motion, the Government now seeks an Order of Continuing Garnishment.

II.    Discussion

When a garnishee responds to a writ of garnishment, federal debt collection procedures require the garnishee to file its original answer with the court that has issued the writ and to "serve a copy on the debtor and counsel for the United States." 28 U.S.C. §3205(c)(4).

---

[1] The record indicates that the Government originally attempted service of the writ on Defendant at an address that caused it to be returned undelivered. Doc. 52. The Government later certified that it served the writ at Defendant's last known address by Federal Express on September 7, 2022. Doc. 54, 55.

A judgment debtor or the United States may file a written objection to a garnishee's answer and request a hearing "within 20 days after receipt of the answer." 28 U.S.C. § 3205(c)(5). "[I]f no hearing is requested within the required time period, the court shall promptly enter an order directing the garnishee as to the disposition of the judgment debtor's nonexempt interest" in property held by the garnishee. 28 U.S.C. § 3205(c)(7).

In this case, the record includes a signed and notarized Certificate of Service indicating that the Garnishee mailed a copy of its Answer by first class mail to Defendant on August 17, 2022. Doc. 53 at 4. The undersigned will presume that the Answer was received within the following three days, such that Defendant's deadline to file a written objection to the Answer and request a hearing expired in mid–September, 2022. See Bott v. Sunrise Community for Recovery and Wellness, No. 1:21-cr-16 (W.D.N.C. Oct. 14, 2022). The instant Motion was filed on November 18, 2022, well after the deadline for a written objection. Further, Defendant has not made any filings in response to the Government's Motion, and the time for doing so has expired. Accord United States v. Womack, No. 1:12-CR-176-1, 2014 WL 1757366, at *3 (M.D.N.C. Apr. 30, 2014), report and recommendation adopted, No. 1:12-CR-176-1, 2014 WL 2628539 (M.D.N.C. June 11, 2014) (denying hearing where defendant mailed reply 26 days after service of answer); United States v. Jenkins, No. 3:05-CR-

244, 2014 WL 202007, at *3 (E.D. Va. Jan. 17, 2014) (holding that objection filed 54 days after service was untimely).

Accordingly, based on the current record, the undersigned concludes that the Government has made a sufficient showing that Defendant received the Garnishee's Answer and did not timely file a written objection or request a hearing with regard to the potential garnishment. 28 U.S.C. §§ 3205(c)(5), 3205(c)(7).

**IT IS THEREFORE ORDERED THAT:**

1. The Government's Motion for Order of Continuing Garnishment (Doc. 56) is **GRANTED**; and an Order of Continuing Garnishment is **ENTERED** in the amount of $9,823.82, which is the balance of the debt as calculated through July 18, 2022, as represented by the Government.

2. The Garnishee is **DIRECTED** to pay the United States the maximum allowable garnishment. 15 U.S.C. § 1673; 28 U.S.C. § 3205(c)(7).

3. The payments shall continue until the debt to the United States is paid in full, until the Garnishee no longer has custody, possession, or control of any property belonging to Defendant, or until further Order of this Court, whichever first occurs.

Signed: December 5, 2022

W. Carleton Metcalf
United States Magistrate Judge